Wilson & Toomer Fertilizer Company, *Plaintiff in Error,* vs. Atlantic Coast Line Railway Company, *Defendant in Error.*

136 So. 339.
Division A.
Opinion filed July 1, 1931.

*Milam, McIlvaine & Milam,* for Plaintiff in Error;

*Doggett, Christie & Doggett* and *Charles Cook Howell,* for Defendant in Error.

Ellis, J.—This is the second appearance of this case in this Court. See Atlantic Coast Line R. Co. v. Wilson & Toomer Fertilizer Company, 89 Fla. 224, 104 South. Rep. 593.

Wilson & Toomer Fertilizer Company brought its action against the Atlantic Coast Line Railroad Company to recover damages for the loss of four cars of fertilizer

by fire which the plaintiff said occurred after delivery of the fertilizer in cars to the Railroad Company upon the sidetracks of the Railroad Company at the Fertilizer Company's plant or factory at Jacksonville. The first count of the declaration alleges that fertilizer of the value of "thirty-five hundred twelve dollars and 61/100 dollars" was delivered to the common carrier at Jacksonville for shipment for reward over its line to certain named places in Florida but that the shipment was so negligently handled by the carrier that the goods were partially destroyed and greatly damaged and not delivered to the consignees at destination.

The second count set out in detail the method of the alleged delivery of the fertilizer to the carrier. It was alleged that the delivery was in accordance with a custom which had obtained for some years. The substance of which was as follows: The defendant carrier operated a spur track extending alongside the factory of the plaintiff. The carrier placed cars on the track at the factory at plaintiff's request when it desired to make a shipment of fertilizer. The Fertilizer Company would load the cars and seal them and make out a shipping direction called an "O. C. form" in which the car number and initial, the consignor, consignee, destination, route and contents were stated. That form when made up after the car was loaded and sealed was placed "in a receptacle where for years past the switching conductors and/or agents of the defendant had been habitually accustomed to take and receive them." It is alleged that pursuant to this custom the defendant had accepted and carried "freight so loaded by plaintiff for transportation and removed said cars so loaded within thirty hours after loading and sealing."

It is alleged that prior to October 2, 1920, the Railroad Company had at plaintiff's request placed four cars on the spur track alongside plaintiff's factory for loading and shipping in the accustomed manner. That before five o'clock P. M. on October 2, 1920, the plaintiff loaded

the four cars with fertilizer and such material, sealed the cars, made out the "required O. C. Forms of the railroad, and placed them in the accustomed receptacle where the switching conductor and agents of the defendant habitually received" them; that the defendant "negligently failed and omitted to move the said cars so loaded for shipment within the said 30 hours, and thereafter, to-wit, October 4th, 1920, while still there, said goods were partly destroyed and greatly damaged by fire to the amount of Thirty-five Hundred Twelve and 61/100 ($3512.61) Dollars."

An amendment to the declaration alleged that the plaintiff presented its claim to the defendant on December 1, 1920, but the defendant refused to pay it. The pleas were not guilty; that the switching conductor or agent of the defendant on the 2nd of October, 1920, and again on the 3rd day of October examined the accustomed receptacle and found no O. C. Forms for the shipment and that when the agent of the defendant examined the accustomed receptacle on October 2nd and again on the 3rd day of October there were no forms for the shipment there. The parties went to trial upon the issues presented by the pleas and there was a verdict for the plaintiff in the sum of four thousand two hundred fifteen and 11/100 dollars and judgment entered.

Upon writ of error taken by the carrier the judgment was reversed. A. C. L. R. Co. v. Wilson & Toomer Fertilizer Company, *supra*.

The cause was again tried on March 21, 1928, and resulted in a verdict for the defendant and judgment was duly entered. The court directed the verdict for the defendant. To this judgment the plaintiff took a writ of error.

The first count of the declaration may be eliminated from consideration as there was no evidence to support it. The plaintiff relied for recovery upon the case as

made by the second count to which the plea of not guilty was entered and the pleas that when the agent examined the accustomed receptacle on the 2nd and 3rd days of October, 1920, he found no "O. C. Forms" therein and there were no such forms there in fact.

As stated in the former opinion and in the record in this case the fire occurred at the plaintiff's "plant" in the early morning of October 4, 1920, before 6 o'clock. A. M. The fire occurred Monday morning. The cars were alleged to have been loaded and sealed Saturday, October 2, 1920.

The two special pleas denied that the O. C. forms were in the accustomed place when the switching conductor of the defendant looked for them on the 2nd day of October and the next succeeding day which was the third day of October. The general issue denied the existence of the custom and compliance with it by the plaintiff as well as the injury.

There is no difference between the case at bar and the case presented on the first trial as to the issues submitted. The opinion of this Court in the former case so far as it applies to the present case may be summarized as follows: First, there was evidence bearing on the existence of a custom or usage of the parties; second, it was not shown with *definiteness* and *certainty* what was considered as a delivery to the carrier or when the liability of the carrier would begin under the custom; third, the mere custom to take up the O. C. forms and to move the cars within thirty hours after they are loaded and sealed does not necessarily make the putting the O. C. forms in the accustomed place a constructive delivery under a certain and definite usage or custom; fourth, there was no evidence of a custom to move cars within a stated time after they are loaded and sealed by the shipper without reference to the use of the "O. C. forms" so as to make it the *duty* of the conductor to look for loaded cars; fifth, a charge to the jury that the "loading and sealing of the

cars and the placing of the O. C. forms in the accustomed receptacle and the non-removal of the goods within 30 hours according to the usage and custom if so found by the jury, 'constituted a delivery to the defendant of the goods, regardless of the character of the place of deposit or its situation or the lack of notice to the defendant' " etc., was not justified by the evidence. The opinion explained that the charge was prejudicial error because "the particular facts that constituted a delivery, pursuant to the usage or custom under which a constructive delivery was claimed, were not *clearly* and *definitely* proven with sufficient *certainty* to fix the liability of the defendant as a common carrier". (Italics mine).

Reduced to its last analysis the opinion in the former case held that the usage shown to exist by the evidence was ineffective when complied with by the plaintiff to constitute a delivery of the goods to the carrier and without reference to the use of the O. C. forms there was no evidence of a custom requiring the carrier to move the loaded and sealed cars within a stated time after loading and sealing so as to cast upon the defendant the duty to *look* for loaded cars. No case was attempted to be made on the proposition contained in the latter part of the above paragraph. Now the liability of the common carrier begins when there has been a delivery to it of the goods for transportation. When that delivery was effected under the usage and custom on which the plaintiff's case rests is to our minds as vague, indefinite and uncertain under the evidence adduced at the new trial as it was under the evidence on the former trial.

The case made by the declaration is that the defendant by virtue of the custom existing between the parties "had constantly and habitually *accepted* and carried the freight so loaded by the plaintiff for transportation and removed said cars so loaded within thirty hours after loading and sealing". In substance, that pursuant to the custom, some time within thirty hours after the loading

and sealing of the cars, delivery of them with their contents, to the carrier occurred regardless of whether the agent of the carrier had taken and received from the accustomed place the O. C. forms made out for such cars.

The declaration itself is indefinite as to when under the custom delivery to the carrier occurred. Did it occur when the cars were loaded and sealed and the O. C. forms made out and placed in the accustomed receptacle? Or when the agent of the carrier took and received them from the accustomed place? Or at the expiration of thirty hours after loading and sealing the cars whether the agent had taken and received the forms or not?

We do not agree with counsel that delivery occurred under the custom shown upon either the first or last hypothesis and the evidence was not sufficient to go to the jury on the second, that is, whether the agent of the carrier took and received the forms made out and placed in the accustomed receptacle for the shipments; or that the defendant knew through its agent of the existence of the forms as made up but carelessly, negligently or wilfully refused to take them in which case recovery might be had upon a different theory.

In this view of the case the judgment is affirmed. So ordered.

BUFORD, C.J., AND BROWN, J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.